# United States District Court
## For the Western District of Virginia
## Harrisonburg Division

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) ) ) ) ) ) ) ) ) | Criminal No: 5:15cr00001 |
| v. | | **REPORT AND RECOMMENDATION** |
| **ESTEBAN ORTIZ-NARVAEZ,** | | By: James G. Welsh |
| *Defendant* | | U. S. Magistrate Judge |

Having been arrested on a criminal complaint (docket # 1), having been brought before the court without delay for an initial appearance pursuant to Rule 5 (docket #4), and probable cause having been established in accordance with Rule 5.1 (docket #7), on January 20, 2015 came the United States, by counsel, and came also the defendant, in his own proper person and by his counsel. At which time counsel for the defendant represented that the defendant desired enter a plea of guilty to the felony offense alleged against him in the Indictment and that his decision to enter a **plea of guilty was not based any plea agreement or other understanding**. In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing (docket #14).

As set forth in more detail in a one-count Indictment (docket #10), previously returned by the Grand Jury, charging the above-named defendant in **Count One** that on or about January 28, 2014, in the county of Shenandoah in the Western Judicial District of Virginia, this defendant, an

alien, was found in the United States after having been deported there from on or about November 4, 2011 at or near Brownsville, Texas, and not having obtained the express consent of the Secretary of Homeland Security to reapply for admission to the United States. All in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

The Rule 11 plea hearing was recorded by a court reporter. *See* Rule 11(g). Also present was a properly qualified Spanish language interpreter for the defendant. *See* Rule 28. The United States was represented by Erin M. H. Kulpa, Assistant United States Attorney. The defendant was at all times present in person and with his counsel, Lisa M. Lorish, Assistant Federal Public Defender. Inquiry was made to the defendant pursuant to Rule 11(b); the government presented a written Agreed Statement of Facts for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to the felony offense charged in Count One of the Indictment.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

After the defendant was placed under oath, he was addressed personally in open court. He stated he understood his obligation to testify truthfully in all respects under penalty of perjury, and he understood the government's right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts: his full legal name is ESTEBAN ORTIZ-NAVAEZ; he is thirty (30) years of age, and he has an 6th grade education in Mexico. He stated he understood he was in court for the purpose of entering a plea of guilty to a felony offense which he could not later withdraw. Upon inquiry, the defendant's attorney represented that she had no reservations about the defendant's competency to enter a plea of guilty to the charged felony offense set forth in Count One of the Indictment.

2

The defendant acknowledged that he had received a copy of the Indictment, and it had been fully translated and explained to him. He stated that he had discussed the charge with his attorney and had been given enough time to do so. He stated he understood the nature of the charge against him in the Indictment and specifically understood it charged a felony offense. *See* Rule 11(b)(1)(G). He testified he had discussed any possible defenses with his attorney, and he had been given adequate time to prepare any defenses he might have to the charge. He stated that his decision to enter a plea of guilty to Count One had been made after consulting with his attorney. He stated he was fully satisfied with the services of his attorney, and it was his intention and desire to enter a plea of guilty.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

He then testified that no one had made any threat, promise or inducement of any kind in an effort to get him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case.

After counsel for the government outlined the range of punishment for the offense, the defendant acknowledged that he understood the maximum penalty provided by law for the Count One offense was confinement in a federal penitentiary for a term of ten (10) years, a fine of $250.000.00 and a term of supervised release or deportation and exclusion from the United States for at least three (3) years. *See* Rule 11(b)(1)(H)-(I). In addition, the defendant acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his plea, if accepted, would result in him being adjudged guilty of a felony offense and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and may require him to forfeit certain of his property to the government. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence in his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any

4

sentence imposed by the court he would have no right to withdraw this guilty plea. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would include a period of supervised release, or could, if applicable, subject him to deportation from this country. *See* Rule 11(b)(1)(H) and (O).

His procedural rights surrendered on a plea of guilty were also explained: including the right to plead not guilty to any charged offense; the right to persist in any not guilty plea; the right to trial by an impartial jury; the attendant rights to counsel to assist in his defense; the presumption of innocence; the obligation of the government to prove guilt beyond a reasonable doubt; the right at trial to see, hear and confront (to have cross-examined all witnesses presented against the defendant); the right to decline to testify unless one voluntarily elects to do so; the right to remain silent; the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify for the defense, and the right to a unanimous jury verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F). In addition, the defendant acknowledged his right to have his embassy or consulate notified of his arrest and detention pursuant to the terms of the Vienna Convention.

In direct response to further questioning, the defendant also testified that he was pleading guilty to the offense charged in Count One because he had in fact committed the criminal offense alleged against him in this count of the Indictment.

**GOVERNMENT'S EVIDENCE**

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted an agreed written Factual Basis summarizing the essential facts the government was prepared to prove at trial. Having been fully

5

translated and reviewed by the defendant, he and his counsel each represented that the proffer fairly summarized the essentials of the government's case. *See* Rule 11(b)(3). It was then filed and made a part of the record.

## THE PLEA

On ORAL ORDER, the defendant's motion to strike surplusage in the Indictment pertaining to the defendant's name(s) (docket #16) was granted with the right reserved to the government to argue same at sentencing (docket #17). After testifying that he had heard and understood all parts of the proceeding, the defendant waived a reading of the Indictment. Upon being then called-upon for his plea, the defendant entered a plea of GUILTY to Count One alleging his violation of Title 8 United States Code, §§ 1326(a) and (b)(1).

The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty and after an independent basis for the plea was established, the defendant was again addressed personally. He reconfirmed that his decision to plead guilty was fully voluntary and did not result from any force, threat, promise of leniency or other inducement of any kind. *See* Rule 11(b)(2). The defendant reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of his guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it. The defendant did not request release, and he was remanded to the custody of the United States Marshal pending preparation of the presentence report and acceptance of his plea.

6

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering informed plea to the charge set forth in Count One of the Indictment;

2. The defendant is fully aware both of the nature of the charge set forth in Count One of the Indictment and of the consequences of his guilty plea;

3. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(O);

4. The defendant knowingly and voluntarily entered his plea of guilty to Count One of the Indictment;

5. The defendant's plea of guilty did not result from any force, threat, inducement or promise of any kind;  and

6. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned **RECOMMENDS** that the court accept the defendant's plea of **GUILTY** to the offense charged in Count One of the Indictment, that the defendant he be adjudged guilty of the said felony offense, and that a sentencing hearing be set for April 29, 2015 at 10:00 a.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c):  Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court.  The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made.

7

The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 3rd day of March 2015.

<u>*s/ James G. Welsh*</u>
Unites States Magistrate Judge